**MEDCENTERS HEALTH CARE, doing business as MedCenters Health Plan, Inc., Appellee,**

v.

**Lezlie OCHS and Gary Ochs, parents and legal guardians of Michael A. Ochs, a minor, Appellants.**

No. 93–2804.

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1994.

Decided June 17, 1994.

Thomas O. Albers, Minneapolis, MN, argued, for appellant.

Richard L. Jasperson, Saint Paul, MN, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LIVELY,* Senior Circuit Judge, and FAGG, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

This case involves the subrogation provisions of a health-plan contract entered into

under the Federal Employees Health Benefit Act (FEHBA), 5 U.S.C. § 8901 *et seq.* Lezlie Ochs and her son, Michael, had health coverage with MedCenters under a Federal Employees Health Benefit Plan (FEHBP) contract. In 1987, Michael was badly scalded, and MedCenters provided medical care. The Ochses then brought a tort action in a state court, and MedCenters intervened, claiming a right of subrogation for $114,-301.91. The state court approved a settlement agreement between the Ochses and all parties except MedCenters, but specifically found that the Ochses were not being fully reimbursed for their damages. The agreement also provided that the Ochses would be held harmless from any subrogation claims.

The Ochses refused to repay MedCenters out of the settlement proceeds, and MedCenters filed this action, alleging breach of contract, equitable subrogation, and unjust enrichment. MedCenters claimed that the health-plan-contract language entitled it to payment of its costs up to the amount of the Ochses' recovery. The contract states in part:

Third Party Actions

If a covered person is injured through the act or omission of another, the Plan requires that it be reimbursed for the benefits provided, in an amount not to exceed the amount of the recovery, or that it be subrogated to the person's rights to the extent of the benefits received under this Plan, including the right to bring suit in the person's name.

The District Court[1] granted summary judgment to MedCenters.

The District Court first considered Minnesota's full-recovery rule, which states that "subrogation will not be allowed where the insured's total recovery is less than the insured's actual loss," except when there are "express contract terms to the contrary." *Westendorf v. Stasson,* 330 N.W.2d 699, 703 (Minn.1983). The Court concluded that the contract provisions conflicted with the Minnesota rule, since the contract language

* The Hon. Pierce Lively, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota.

entitled MedCenters to reimbursement regardless of whether the Ochses fully recovered their losses. Next, the Court determined that, under the choice-of-law provision of FEHBA,[2] federal law controls this case. Finally, the Court rejected the Ochses' suggestion that it adopt the Minnesota full-recovery rule as federal common law. Instead, it applied the text of the contract, which clearly required reimbursement. The Court determined that this approach would best serve the federal interests of uniformity and low premiums.

On appeal, the Ochses make three contentions. First, they say that MedCenters has failed to prove federal jurisdiction. Second, they claim that, even if the District Court properly exercised its jurisdiction, the state-law rule of decision should be applied. Finally, the Ochses argue that ambiguities require the contract to be interpreted in their favor. We review the District Court's grant of summary judgment *de novo*. Having considered the arguments of the parties in full, we conclude that the District Court properly exercised its authority to decide this case and correctly determined that FEHBA pre-empted the state-law rule in this instance. Moreover, the Court was correct in holding that the contract's language was sufficiently clear to require reimbursement of MedCenters. Accordingly, we affirm, substantially for the reasons set out in the District Court's well-reasoned opinion.

Affirmed.

2. The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provision.
5 U.S.C. § 8902(m)(1).